UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 7 |
| Latisha Rose Turner-Smith, | Case No. 24-10181 |
| | Hon. Philip Bentley |
| Debtor. | |

-----------------------------------------------------------X

**ORDER GRANTING DEBTOR'S MOTION TO REOPEN CHAPTER 7 BANKRUPTCY CASE TO ADD OMITTED CREDITOR**

**WHEREAS**, on February 2, 2024, Latish Rose Turner-Smith (the "Debtor") filed a petition for relief under Chapter 7 of the U. S. Bankruptcy Code;

**WHEREAS**, on March 5, 2024, the Trustee issued his Report of No Distribution [ECF No. 7] indicating that, after a diligent inquiry into the Debtor's financial affairs, the Trustee was unable to discover any non-exempt estate property available for distribution to the Debtor's creditors; accordingly, the Clerk's Office was not required to, and did not, give notice to creditors to file claims;

**WHEREAS**, on May 13, 2024 the Debtor received a discharge pursuant to Bankruptcy Code § 727(a) (the "Discharge Order") [ECF No. 12], and on the same day a final decree was entered and the Debtor's case was closed;

**WHEREAS**, on July 2, 2025, the Debtor filed a Motion to Reopen Chapter 7 Bankruptcy Case to Add Omitted Creditor [ECF No. 16] (the "Motion to Reopen"), requesting she be permitted to reopen this case to add to her Schedule F a pre-petition debt owed to creditor New York City Housing Authority (the "NYCHA Debt") that she had mistakenly omitted from that schedule, and seeking related relief to prevent property manager ELH Management from taking further post-petition attempts to collect the NYCHA Debt;

1

**WHEREAS**, no objection to the Motion to Reopen has been filed;

**WHEREAS**, Bankruptcy Code § 350(b) authorizes the court to reopen a case "to administer assets, to accord relief to the debtor, or for other cause";

**WHEREAS**, the court's decision to reopen a case "invoke[s] the exercise of a bankruptcy court's equitable powers" and is "dependent upon the facts and circumstances of each case," *Katz v. I.A. Alliance Corp.* (*In re I. Appel Corp.*), 104 F. App'x. 199, 200 (2d Cir. 2004) (internal citation omitted), and is "committed to the 'broad discretion' of the bankruptcy court," *In re Texaco, Inc.*, 668 B.R. 1, 17 (Bankr. S.D.N.Y. 2025) (internal citation omitted);

**WHEREAS**, the NYCHA Debt was discharged pursuant to the Discharge Order, because (i) the Trustee issued a Report of No Distribution and therefore no notice was required to be given to creditors, and (ii) the NYCHA Debt is not a debt of a kind provided in Bankruptcy Code § 523(a)(2), (4), or (6) which would be exempt from discharge under § 727(a), *see In re Cruz*, 254 B.R. 801, 809-10 (Bankr. S.D.N.Y. 2000);

**WHEREAS**, having considered the Debtor's Motion to Reopen at a hearing held on July 29, 2025 at which only the Debtor appeared, the Court finds that cause exists under Bankruptcy Code § 350(b) to reopen this case for the limited purposes addressed below;

**NOW, THEREFORE**, it is hereby **ORDERED** as follows:

1. The Debtor's Motion to Reopen is granted as set forth herein.

2. This case is reopened for the limited purpose of permitting the Debtor to amend Schedule F to add the NYCHA Debt, and Schedule F is hereby deemed amended to add that debt.

3. The NYCHA Debt is subject to the Discharge Order and has been discharged.

Dated: July 30, 2025
New York, New York                                      /s/ Philip Bentley
                                                                                    **Hon. Philip Bentley**
                                                                                    **United States Bankruptcy Judge**